F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**AUG 11 1999**

**PATRICK FISHER**
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TYRONE McDANIEL YAHWEH,

      Plaintiff-Appellant,

v.

ARISTEDES ZAVARAS,

      Defendant-Appellee.

No. 99-1034
(District of Colorado)
(D.C. No. 95-S-2094)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY**, and **MURPHY**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

      Tyrone Yahweh, a prisoner proceeding *pro se*, appeals the district court's grant of summary judgment in favor of the defendant Aristedes Zavaras on

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Yahweh's 42 U.S.C. § 1983 complaint. In his complaint, Yahweh asserted he was denied access to the court in July and August of 1995, while he was incarcerated at the San Carlos Correctional Facility, because prison authorities denied him physical access to a law library. The district court granted summary judgment in favor of Zavaras on the basis of the Supreme Court's recent decision in *Lewis v. Casey*, 518 U.S. 343 (1996). In particular, the district court noted that to state a cognizable claim under *Lewis*, Yahweh had to demonstrate an actual injury which hindered his effort to pursue a nonfrivolous legal claim. *Id.* at 354-55. Because the actions of Zavaras had not hindered Yahweh's ability to litigate his claims in case number 95-S-1163, the only case identified by Yahweh as suffering harm as a result of the alleged restriction on access to legal materials, the district court concluded that Zavaras was entitled to judgment as a matter of law.

This court has reviewed *de novo* Yahweh's opening and reply[1] briefs, Zavaras's brief, the magistrate judge's report and recommendation, the district court's order, and the entire record on appeal.[2] In light of that *de novo* review, this court affirms for substantially those reasons set out in the magistrate's report

---

[1]In an order entered on July 3, 1999, this court gave Yahweh until July 23, 1999, to file his reply brief. The reply brief was timely filed.

[2]This court has not, however, considered the "exhibits" attached to Yahweh's briefs because, as noted by Zavaras, those materials were never submitted to the district court and are not part of the proper record on appeal.

and recommendation dated October 19, 1998, and the district court's order dated December 3, 1998.[3]

The judgment of the United States District Court for the District of Colorado is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

[3]In his appellate briefs, Yahweh attempts to satisfy his burden under *Lewis* of demonstrating actual injury by reference to additional civil rights cases that he had pending in the district court during the time that he was allegedly denied access to legal materials. This court will not consider these arguments because they were never presented to the district court. *See Noel v. FDIC*, 177 F.3d 911, 915 (10th Cir. 1999) (holding that a federal appellate court will not consider arguments not raised in a timely fashion before, and not passed upon by, district courts).